IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 1:25-cr-053 |
| v. | ) | |
| | ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| DEVON CHRISTOPHER MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

Comes now the United States of America, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and respectfully submits its Sentencing Memorandum.

Defendant is scheduled to be sentenced on September 15, 2026, following Defendant's plea of guilty to Count 1 of the Indictment, Transportation of a Minor in violation of Title 18, United States Code, Section 2423(a). The Presentence Investigation Report ("PSR") has calculated an advisory guideline sentence of 135-168 months' imprisonment, based upon a Total Offense Level of 31, and a Criminal History Category of III. (PSR ¶ 114.)

## I. Advisory Guideline Calculation

The PSR calculated a base offense level of 28 pursuant to USSG §2G1.3(a)(3). (PSR ¶ 33.) The Defendant was attributed 2-level enhancements for unduly influencing a minor, use of a computer, and commission of a sex act or sexual conduct. (PSR ¶¶ 34, 35, 36.) The Defendant has accepted responsibility for his role in this offense which decreases the offense level by 3 pursuant to USSG §3E1.1(a), (b). (PSR ¶¶ 42, 43.) The Government will recommend the third level reduction to the Court. Neither party filed objections to the PSR that impacted the offense level or

corresponding guideline range.

## II. Application of the 18 U.S.C. § 3553(a) factors

The factors the Court must use to determine a reasonable sentence are:

(1) the nature and circumstances of the offense and the history and characteristics of the Defendant;

(2) the need for the sentence imposed;

(A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the sentencing range from the guidelines;

(5) any pertinent policy statements by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)). "A sentencing court abuses its discretion 'when it ... fails to consider a relevant factor that should have received significant weight ... [or] gives significant weight to an improper or irrelevant factor.'" *United States v. Berry*, 930 F.3d 997, 1000 (8th Cir. 2019) quoting *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The Court considers all the relevant factors listed in 18 U.S.C. § 3553(a) and has the authority to vary from the recommended sentence. The Court is not required to do so, however. In any event, the Court needs to determine a

"reasonable sentence" using the Guidelines established sentence as a starting point.

The first factor the court looks at is the nature and circumstances of the offense and the history and characteristics of the Defendant. The Defendant began communicating with the minor identified in this case over Snapchat after meeting on a dating site, Hily on August 18-19, 2025. The messages were sexually graphic from inception and included the Defendant sending a masturbation video. Over the course of their conversation, they discussed the minor sneaking out of her house once everyone was asleep. Defendant sent an Uber to pick up the minor to drive her from her home in Omaha, Nebraska to Council Bluffs, Iowa.

The minor was reported missing and was eventually located at the Defendant's home on August 22, 2025. The minor was twelve years old at the time of this incident.

This Court may consider the Defendant's criminal history as a factor, which includes the following convictions: assault causing injury in 2014, unlawful possession of a prescription and possession of marijuana in 2016, harassment and possession of marijuana in 2020. (PSR ¶¶ 47-52.) The Defendant is on probation for a harassment conviction, absconded, and a warrant remains active. (PSR ¶ 51.) A warrant was also issued for failing to serve his jail sentence for the possession of marijuana conviction in 2020. (PSR ¶ 52.)

The Defendant has also incurred violations on four occasions while incarcerated at the Pottawattamie County Jail. (PSR 7a-d.)

In mitigation, Defendant has ongoing health issues that may require additional treatment. (PSR ¶¶ 80-83) Defendant also reported ongoing drug use

which substance abuse treatment may be beneficial. (PSR p. 20.) The Defendant has a decent work history and was supporting himself when he lived in Council Bluffs, Iowa. The Defendant also has the ongoing support of his family.

A sentence of 120 months is warranted and necessary to reflect the seriousness and dangerousness of the offense, to promote respect for the law, and provide just punishment.

Respectfully Submitted,

David C. Waterman
United States Attorney

By: */s/Shelly Sudmann*
Shelly Sudmann
Assistant United States Attorney
2146 27th Avenue, Suite 400
Council Bluffs, IA 51501
Tele: (712) 256-5009
Email: shelly.sudmann@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2026, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing _____Other means

UNITED STATES ATTORNEY

By: */s/SCT*
Paralegal Specialist